IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

THERESA ELIZABETH TODD,

        Plaintiff,

v.                                      CIVIL ACTION NO. 3:09-0303

MARSHA C. WOLFE TODD,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending is the Defendant's Motion for Summary Judgment (Doc. 18). For the reasons explained below, the Court **GRANTS** Defendant's motion.

**Background**

Plaintiff, Theresa Elizabeth Todd, married the late Bernard Lee Todd on August 12, 1972. The couple divorced February 25, 1977 in Richmond County, Georgia. The final divorce order required Bernard Todd to provide a life insurance policy with the Plaintiff named as the beneficiary. Pursuant to paragraph entitled "Life Insurance or Beneficiary Pension Plan," the aggregate benefits to be paid upon his death were to be no less than thirty-thousand dollars. The obligation was to last as long as Bernard Todd had an obligation to pay alimony. At the time of his death, Bernard Todd was stilling paying alimony. He had maintained one life insurance policy for the benefit Theresa Todd with a payable on death benefit of only one thousand five-hundred dollars.

Sometime after his divorce from Plaintiff, Bernard Todd married Defendant, Marsha C. Wolfe Todd. As a benefit of his employment through Local 466 of the International Brotherhood of Electrical Workers ("IBEW") Bernard Todd received "payable on death" benefits including an

employee benefit plan containing life insurance as well as a pension. Defendant, Marsha Wolfe Todd, was the named payable upon beneficiary. After Bernard Todd's death, Plaintiff attempted to make a claim through the IBEW to receive the money she claims from the Defendant in this action. The IBEW informed her that "everything was strictly beneficiary" and the Defendant was named as the beneficiary on all of the applicable documents. Further, Mr. Dascoli, or another IBEW representative, informed Plaintiff that a "special order" had to be entered in the divorce case to preserve the Plaintiff's right to receive union benefits from Bernard Todd. It is undisputed that the IBEW did not consider the divorce order to be this type of "special order" – a Qualified Domestic Relations Order.

### Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the Court will not "weigh the evidence and determine the truth of the matter[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the Court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Although the Court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his favor[.]" *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element

of his or her case and does not make, after adequate time for discovery, an evidentiary showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## Analysis

Plaintiff concedes, based in part on this Court's Order of May 21, 2009, that all of the benefits she seeks are through the IBEW Worker's Pension Plan, which is governed by ERISA. Pursuant to ERISA benefits provided under a pension plan "'may not be assigned or alienated' . . . except pursuant to 'a qualified domestic relations order.'" *Hopkins v. AT&T Global Information Solutions Co.*, 105 F.3d 153 (4th Cir. 1997) (internal citations omitted). Plaintiff argues, however, that her final divorce order, from Georgia, should be considered a qualified domestic relations order. Alternatively, she requests the Court allow her to pursue a posthumous qualified domestic relations order.

Defendant contends that the Plaintiff's argument and request are misplaced. Marsha Wolfe Todd did not play any role in deciding whether or not the Georgia divorce order was a qualified domestic relations order. Defendant merely received in the distribution of Bernard Todd's employment benefits. Neither the plan nor the plan administrator – who did play a role in deciding whether the Georgia divorce order constituted a qualified domestic relations order – are parties to this suit.

In this case, the Court must agree with the Defendant. The facts are not in dispute – the IBEW did not consider the Georgia divorce order to be a qualified domestic relations order necessary to assign or alienate benefits governed by ERISA. The plan, therefore, paid employment benefits to the named beneficiary – Marsha Wolfe Todd. This decision has not been directly challenged in this Court, nor has the decision-maker been made a party. The issue of whether or not

the Georgia divorce order was a qualified domestic relations order is not before this Court. On the facts in the record the Court cannot disturb the distribution, as paid by the IBEW plan. The motion for summary judgment on behalf of Defendant Marsha Wolfe Todd is **GRANTED**.

## Conclusion

For the reasons explained above, the Court **GRANTS** Defendant's Motion for Summary Judgment (Doc. 18). The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 18, 2010

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE